```
 1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO
 2                          EASTERN DIVISION

 3      UNITED STATES OF AMERICA,        Case No. 5:24cr18
                                         Akron, Ohio
 4                 Plaintiff,            August 7, 2024

 5           vs.

 6      KALIB TUCKER,

 7                 Defendant.

 8
                          TRANSCRIPT OF PROCEEDINGS
 9               BEFORE THE HONORABLE JOHN R. ADAMS
                     UNITED STATES DISTRICT JUDGE
10

11                          CHANGE OF PLEA

12
        APPEARANCES:
13
        For the Government:        Toni B. Schnellinger Feisthamel
14                                 Office of the U.S. Attorney
                                   Northern District of Ohio
15                                 208 Federal Building
                                   2 South Main Street
16                                 Akron, Ohio  44308
                                   330-761-0531
17

18      For the Defendant:        Rhonda L. Kotnik
                                   Law Office of Rhonda Kotnik
19                                 Suite 2511-G
                                   520 South Main Street
20                                 Akron, Ohio  44311
                                   330-253-5533
21

22

23

24

25


                 Lori A. Callahan, RMR-CRR      (330) 252-6022
```

2

1

2

3    Court Reporter:              Lori Ann Callahan, RMR-CRR
                                  United States District Courthouse
4                                 Room 568
                                  2 South Main Street
5                                 Akron, Ohio  44308
                                  (330) 819-8676
6

7

8

9

10   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1                        P R O C E E D I N G S

2                             -  -  -

3           THE COURT:  Please be seated, ladies and

4    gentlemen.

5           For the record, the court has before it today Case

6    Number 5:24cr18.  The case is United States of America

7    versus Kalib Tucker.

8           We're here today for a change of plea.

9           Counsel for the government, are you ready to

10   proceed?

11          MS. SCHNELLINGER:  Yes, Your Honor.

12          Toni Beth Schnellinger for the United States.

13          THE COURT:  Thank you.

14          On behalf of the defendant?

15          MS. KOTNIK:  Thank you, Judge.

16          Rhonda Kotnik on behalf of Mr. Tucker.

17          THE COURT:  Thank you.

18          Mr. Tucker, it's my understanding you wish today

19   to withdraw your former plea of not guilty, wish to plead

20   guilty pursuant to a written plea agreement to one count,

21   that is, possession of a firearm and/or ammunition by a

22   convicted felon.

23          Is that what you would like to do today?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Before I can decide to accept your

1    guilty plea, sir, it's necessary that I ask a series of

2    questions of you to be certain that your plea is voluntary,

3    to make certain you understand the rights that you're

4    waiving by entering this plea, to make certain you

5    understand the possible consequences of this plea, also to

6    make certain you understand the terms of your plea

7    agreement.

8              Do you understand those things?

9              THE DEFENDANT:  Yes.

10             THE COURT:  All right.  Counsel, you want to pull

11   the microphone a little bit closer?  I just want to make

12   sure the court reporter can hear the defendant.

13             Thank you.

14             Before I begin with my questions, sir, you will be

15   placed under oath.  You will be sworn to tell the truth.

16   You can remain seated and use the microphone if you would

17   for purposes of the proceedings as you are in custody.

18             (Defendant sworn.)

19             THE COURT:  All right.  You're now under oath.  I

20   am required to tell you it's important that all your answers

21   to my questions be truthful.  Any answers that you give that

22   are later shown to be false could be used against you in a

23   subsequent prosecution for perjury or making a false

24   statement.

25             Do you understand those things?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Additionally, if you have any

3     questions about any of the matters I'm about to review,

4     please speak up.  Now is the time for any questions.  Either

5     I or your attorney will explain further.

6          Is that understood?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  State your full name and

9     age for the record.

10          THE DEFENDANT:  Kalib Tucker, 28.

11          THE COURT:  Are you under the influence of any

12     type of drugs, alcohol or medicine that might affect your

13     ability to understand these proceedings?

14          THE DEFENDANT:  No.

15          THE COURT:  Have you gone over with Ms. Kotnik the

16     indictment setting forth the charge against you in this

17     matter?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand the nature of the

20     charge against you, the crime you're accused of committing?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Have you discussed with your attorney

23     all matters pertaining to your case, the evidence against

24     you, the possible witnesses, defenses, things of that

25     nature?

1            THE DEFENDANT:  Yes.

2            THE COURT:  Have you had adequate time to do that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Are you satisfied so far with her work

5    for you in this case?

6            THE DEFENDANT:  Yes.

7            THE COURT:  You understand, of course, this is a

8    felony conviction.  By virtue of this conviction, you may be

9    deprived of valuable civil rights such as the right to vote

10   if you're incarcerated, the right to serve on a jury, the

11   right to hold public office.

12           And, of course, as you well know, as a convicted

13   felon, possession of a firearm or ammunition in the future

14   could lead to another many years of incarceration.

15           Do you understand those things?

16           THE DEFENDANT:  Yes.

17           THE COURT:  There's also -- thank you.

18           There's a plea agreement between yourself and the

19   government.  I have the original here before me.

20           Did you fully read and review this agreement and

21   discuss it with your attorney before you signed it?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Did you have adequate time to do that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Do you believe you understand the

1    terms of your plea agreement?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Your plea agreement sets forth

4    recommendations for me to consider, particularly regarding

5    sentencing.  I will consider those recommendations.

6    However, I'm not required to follow them.  If for some

7    reason I do not follow the recommendation of the parties

8    regarding sentencing, you will not be permitted to withdraw

9    your guilty plea and start the case over.  You would have

10   the right to appeal a sentence of that type, but not to

11   withdraw your plea.

12             Do you understand those things?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Let's turn to the agreement itself.  I

15   will go through it by page and paragraph.  If you have any

16   questions, let me know.

17             Is that understood?

18             THE DEFENDANT:  Yes.

19             THE COURT:  All right.  We will start at page 2 of

20   the agreement.  Under paragraph 2, it outlines the statutory

21   penalties for this offense.  The maximum penalty is 15 years

22   in prison.  The maximum fine is $250,000.  There's a maximum

23   period of what is called supervised release, I will explain

24   that in a moment, of three years.  There's a so-called

25   special assessment of $100.

1          Do you understand those are the statutory

2     penalties for Count 1?  This is the firearm count.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  All right.  Continuing on page 2,

6     paragraph 4 references destruction or forfeiture.  You are

7     agreeing as part of this plea agreement to the destruction

8     of the Glock, 9 millimeter pistol involved in this offense

9     along with any ammunition.

10          Do you understand those things?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Also, turning to page 3, up at the

13     top, there's other matters here regarding sentencing.  Costs

14     are referenced here.  Restitution is not likely to be an

15     issue.  Paragraph 7 references violations of probation,

16     supervised release.  Of course, this is not an offense where

17     probation is permitted or likely.

18          But the supervised release provision, there's --

19     when you are released from prison, you will be placed on

20     supervised release for more likely than not for three years.

21     Supervised release is a set of conditions that are similar

22     to parole or probation in the state system.

23          They will be such things as not committing any

24     criminal offense, of course, not using drugs, maintaining

25     full-time employment.  You will report to your probation

1  officer.  You may be drug tested.  Many of these things are

2  yet to be determined.

3  However, the key here is that if you violate

4  conditions of supervision, then you could be returned to

5  court.  Depending on the violation, you could be ordered to

6  serve more time in prison.

7  Do you understand those things?

8  THE DEFENDANT:  Yes.

9  THE COURT:  Immigration consequences are

10  referenced at page 3, paragraph 8.

11  I am required to ask, are you a U.S. citizen?

12  THE DEFENDANT:  Yes.

13  THE COURT:  Thank you.

14  Down at the bottom page 3, you are agreeing to

15  plead guilty to the charge, the one charge against you.  The

16  government's agreeing not to bring any other charges that

17  may be known to them at this time.

18  And then the bottom of the page, actually at the

19  top of page 4, I should say, is the legal elements of the

20  offense to which you're pleading guilty.

21  Do you have any questions about those things at

22  all?

23  THE DEFENDANT:  No.

24  THE COURT:  All right.  Then turning to

25  sentencing.  Sentencing guidelines, under sentencing

1    stipulations and agreements, we will discuss the parties'

2    recommendations as to the guidelines in a moment.  The

3    guidelines are the benchmark; they're the starting point for

4    the court's consideration of sentence.

5            Here, they're important because the parties are

6    asking me to use those guidelines to determine your sentence

7    or use them to apply for -- to calculate your sentence I

8    should say.

9            In addition to the guidelines, there's other

10   factors I am required to consider that are not spelled out

11   in paragraph 12, but I will go through them with you.

12           In addition to the guidelines, I am required to

13   consider the nature and circumstances of the offense, all

14   the details surrounding your possession of the firearm.

15   Much of that is set forth later on in your plea agreement

16   under what is called the factual basis of the plea.

17           I am required to consider your history and your

18   characteristics, family ties, employment, health, a wide

19   range of -- prior criminal record, of course, prior history,

20   a wide range of information about you and your background.

21   I am required to consider the guidelines, along with some

22   statistics about the kinds of sentences that are typically

23   imposed for crimes of this nature with individuals who have

24   a similar record or history.

25           All those things will come into play in deciding

1    your sentence in this matter.

2              Do you understand those things?

3              THE DEFENDANT:  Yes.

4              THE COURT:  The plea agreement, jumping ahead a

5    bit, recommends at page 5, paragraph 17 recommends a

6    guideline calculation of 20 with a three-level adjustment

7    for acceptance responsibility.

8              By timely entering this plea, continuing to accept

9    responsibility, if that all continues on, then the offense

10   level 17 would be the offense level as the parties have

11   calculated it.  And I don't know what your criminal history

12   category will be.  I will ask the parties to give me their

13   best estimate.  All this is yet to be determined by the

14   probation department and the court.

15             Do you have a rough idea as to his criminal

16   history?

17             MS. SCHNELLINGER:  I believe he scores as a six so

18   he's a Criminal History III.

19             THE COURT:  So 17 -- do you concur, counsel for

20   the defendant?

21             MS. KOTNIK:  He would either be a II or III.

22             THE COURT:  II is 27 to 33 months.  A III is 30 to

23   37 months at a 17.

24             So that is our best estimate, Mr. Tucker.  Of

25   course I have to consider the other statutory factors, as

1    well, in addition to the guidelines, but that's the best

2    estimate we have today.

3              Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Now, that does not mean that that will

6    be the final guideline calculation.

7              Back on page 4, there's a reference there to a

8    presentence report.  If I accept your plea, you continue to

9    wish to enter this plea, then you will be referred to our

10   probation department.  You will be interviewed.  It's

11   important you provide truthful, accurate information, and a

12   report will be generated by a probation officer which will

13   include a great deal of information about you and your

14   background, all those factors I talked about.

15             They will also calculate the guidelines.  That

16   calculation may or may not be the same as the parties'

17   calculation.

18             You will have a right to review that report, and

19   you will have a right to object to any part of the report

20   you think is erroneous, and that will include the guideline

21   calculation.  So it's important that you read that report,

22   and, like I said, a right to object to parts of the report

23   you think is erroneous, and then I will resolve any

24   objections that remain at the time of the sentencing hearing

25   after I hear from you and your lawyer and the government's

1    lawyer.

2              Do you understand those things?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Any questions about anything I've gone

5    over so far?

6              THE DEFENDANT:  No.

7              THE COURT:  All right.  Then let's turn to the

8    next important provision called waiver of appeal and

9    post-conviction attack rights under paragraph 20.

10             On page 6, you're waiving your right to appeal or

11   to challenge your sentence or your conviction in any way,

12   except you reserve the right to appeal only the following

13   areas:

14             Number one, any sentence above 15 years.  That's

15   not likely to happen, unless there's something I don't know

16   about in this case.

17             Any punishment in excess of the statutory maximum,

18   15 years, could be appealed.

19             Any sentence above the guidelines, once the

20   guidelines is properly calculated.  By way of example, if

21   the calculation were to lead to a 30- to 37-month range, and

22   I were to go above that range, then you could appeal that

23   sentence.  It would be outside or above the guidelines once

24   they're calculated properly.

25             Third, you could appeal any matters related to the

1   conduct of the lawyers.  If the government's lawyers engaged

2   in some misconduct or your own lawyer was ineffective, then

3   those areas could be matters for appeal, an appeal only.

4         Do you understand all those things?

5         THE DEFENDANT:  Yes.

6         THE COURT:  Do you have any questions about this

7   waiver?

8         THE DEFENDANT:  No.

9         THE COURT:  Also, it's clear that -- again, the

10   rights you're reserving are rights to appeal.

11         There would be no other type of post-conviction

12   proceeding sometimes called a 2255.  Other civil actions

13   would not be permitted.

14         Any questions about those things at all?

15         THE DEFENDANT:  No.

16         THE COURT:  All right.  Then turn to the very

17   first part of your agreement.  There's an important

18   provision here.  It's called waiver of your constitutional

19   trial rights.

20         Under our constitution and the laws of the United

21   States, you do have a constitutional right to a trial in

22   this case.  That trial could be to a jury, if you would

23   like.  Most often in a criminal matter, it would be, or you

24   would also have a right to a trial by the court, and that

25   trial would be by me essentially.

1          First question is, excuse me, is do you understand

2    you do have a right to a trial in this case?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Second question is, do you wish to

5    waive or give up your right to a trial and plead guilty here

6    today?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Even though you've indicated you would

9    like to waive your right to a trial and plead guilty, I am

10   still required to review with you the rights that you would

11   have if there were a trial, these trial rights as described

12   in paragraph 1.

13         I will go over these rights with you.  I will ask

14   if you understand these rights, and I will ask if you're

15   voluntarily waiving these rights.

16         If you have any questions at all, please let me

17   know, and either I or your attorney will explain further.

18         Is that understood?

19         THE DEFENDANT:  Yes.

20         THE COURT:  All right.  First of all, if there

21   were a trial in this case, you would be presumed innocent.

22   The government would be required to prove you guilty by

23   competent evidence beyond a reasonable doubt.  That's the

24   legal standard the government would have to meet.

25         Do you understand those rights?

                Lori A. Callahan, RMR-CRR      (330) 252-6022

1           THE DEFENDANT:  Yes.

2           THE COURT:  And are you voluntarily waiving those

3    rights?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Additionally, if there were a trial in

6    this case, witnesses for the government would be required to

7    come forward, testify in your presence.  Your attorney could

8    cross-examine those witnesses for you.  She could ask

9    questions of them.  She could object to any evidence the

10   government offers, and she could offer evidence on your own

11   behalf if you so desired.

12          Do you understand those rights?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Are you voluntarily waiving those

15   rights?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Additionally, sir, if there were a

18   trial, you could call witnesses in your own defense.  I

19   would order them to be here if they refused or failed to

20   appear by a court order called a subpoena.

21          Do you understand those rights?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Are you voluntarily waiving those

24   rights?

25          THE DEFENDANT:  Yes.

1           THE COURT:  Additionally, sir, if there were a

2    trial, you could testify.  You could tell myself or a jury

3    your side of the case.  In the alternative, you would have a

4    right not to testify.  It's often referred to as your right

5    to remain silent.  That's a right or a decision that cannot

6    be used against you at trial, and no argument or no comment

7    or nothing could be made of your silence.

8           Do you understand those rights?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Are you voluntarily waiving those

11   rights?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Additionally, sir, if there were a

14   trial, you would have a right to counsel at no cost to

15   yourself, and we would appoint that attorney.  That attorney

16   would, again, represent you in trial, and your attorney will

17   continue to represent you through the balance of this

18   proceedings and on to any possible appeal.

19          Do you understand that right, as well?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand, sir, if I accept

22   your guilty plea in this case, you will waive all those

23   trial rights, except your right to counsel, of course, and

24   there would be no trial, and I will find you guilty of this

25   offense.

1          Do you understand those things?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you have any questions about this

4     plea at all?

5          THE DEFENDANT:  No.

6          THE COURT:  Counsel, what's the facts that -- what

7     gives rise to the defendant's -- the charge and the

8     defendant's presence here?

9          MS. SCHNELLINGER:  Yes, Your Honor.

10         On or about September 20, 2023, in the Northern

11    District of Ohio, Eastern Division, Mr. Tucker, knowing he

12    had been previously convicted of crimes punishable by

13    imprisonment for a term exceeding one year, those being

14    aggravated burglary in the Summit County Court of Common

15    Pleas, Case Number CR-2014-10-3239, on or about April 23,

16    2015.

17         Also, participating in a criminal gang, Summit

18    County Court of Common Pleas, CR-2015-01-0193, on or about

19    April 23, 2015, as well as felonious assault in the Summit

20    County Court of Common Pleas with the same case number on

21    the same date, as well as improperly discharging a firearm

22    into a habitation with the same case number and the same

23    date.

24         Mr. Tucker did knowingly possess in and affecting

25    interstate and foreign commerce a firearm, to wit, a Glock,

1      43X, 9 millimeter caliber pistol, serial number BRTB982 and

2      ammunition, and that firearm and ammunition was shipped and

3      transported in interstate and foreign commerce.

4              Specifically, on September 20, 2023, law

5      enforcement located the previously described pistol on the

6      dresser of the defendant's bedroom, which is in the Northern

7      District of Ohio.  The defendant's DNA was located on that

8      firearm.

9              Thank you, Your Honor.

10             THE COURT:  Thank you.

11             Mr. Tucker, you admit that you possessed the

12     firearm as described here?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you have any questions at all about

15     this plea?

16             THE DEFENDANT:  No.

17             THE COURT:  Has anyone tried to force you, coerce

18     you or threaten you in any way to enter this plea?

19             THE DEFENDANT:  No.

20             THE COURT:  Thank you.

21             Counsel for the government, have I missed anything

22     in my inquiry?

23             MS. SCHNELLINGER:  No, Your Honor.

24             Thank you.

25             THE COURT:  Ms. Kotnik?

1          MS. KOTNIK:  No, Judge.

2          Thank you.

3          THE COURT:  Mr. Tucker, I will finalize the plea.

4          You've heard me describe the rights that you're

5   waiving by entering this plea.  You've heard me describe the

6   possible consequences of this plea, along with the terms of

7   your plea agreement.

8          Knowing those things, how do you plead to one

9   count of possession of a firearm and/or ammunition by a

10  convicted felon?

11         THE DEFENDANT:  Guilty.

12         THE COURT:  Thank you.

13         I will make a finding in this case that the

14  defendant is fully competent and capable of entering an

15  informed plea.  His plea of guilty is a knowing and

16  voluntary plea supported by an independent basis, in fact,

17  containing each essential elements of the offense.

18         I will now adjudge him guilty of this offense.  I

19  will approve his plea agreement by my signature on today's

20  date of August 7, 2024.

21         Mr. Tucker, I am required to give our probation

22  department approximately 14 weeks to complete a presentence

23  report.  I wish I could do the sentencing earlier, sir, to

24  be honest with you, but I don't have that discretion.

25         So the 21st of November at 11:00 a.m. is the

1    proposed date.

2              If that convenient for the parties?

3              MS. SCHNELLINGER:  Yes, Your Honor.

4              Thank you.

5              THE COURT:  Is that convenient for the government?

6              MS. SCHNELLINGER:  Yes, Your Honor.

7              Thank you.

8              THE COURT:  Thank you.

9              For the defendant?

10             MS. KOTNIK:  Yes, Judge.

11             Thank you.

12             THE COURT:  All right.  Thank you.

13             Mr. Tucker, stay out of trouble.  No fighting,

14   disrespecting correctional officers, contraband, drugs, cell

15   phones.  Any of those things, you can tack on six months.

16             Do you understand me?

17             THE DEFENDANT:  Yes.

18             THE COURT:  I can tack on more than that depending

19   on the severity.  So stay out of trouble.

20             If there's any programs available, do that, but,

21   again, stay out of trouble.

22             Again, Ms. Kotnik will tell you if I find out -- I

23   get written reports.  Marshals send me reports.  Then you

24   can be assured there will be a longer sentence than what may

25   otherwise have been imposed.

1              Thank you very much.

2                    C E R T I F I C A T E

3        I certify that the foregoing is a correct transcript

4   from the record of proceedings in the above-entitled

5   matter.      s/Lori A. Callahan
                 Lori Ann Callahan, RMR-CRR
6                U.S. District Court, Suite 568
                 2 South Main Street
7                Akron, Ohio  44308
                 (330) 252-6022
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25